# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**ARCH COAL, INC.,**
**Employer Below, Petitioner**

**vs.)  No. 18-1007** (BOR Appeal No. 2052981)
(Claim No. 2017006140)

**CHRISTOPHER SARGENT,**
**Claimant Below, Respondent**

**FILED**

November 15, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Arch Coal, Inc., by Counsel Steven K. Wellman, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Christopher Sargent, by Counsel Robert L. Stultz, filed a timely response.

The issue on appeal is an additional compensable condition. The claims administrator denied the addition of L5-S1 herniated disc to the claim on November 27, 2017. The Office of Judges reversed the decision in its May 29, 2018, Order and held the claim compensable for herniated L5-S1 disc. The Order was affirmed by the Board of Review on October 19, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Sargent, a continuous miner operator, was injured in the course of his employment on September 5, 2016. He was treated at United Hospital Center that day and was diagnosed with low back pain. He reported that the back pain radiated into his right leg and he also had numbness and tingling. Mr. Sargent followed up with Stephanie Jackson, FNP, on September 7, 2016. Ms. Jackson found that Mr. Sargent was treated for an injury to his back two days prior. He reported that he continued to have back pain that radiated down his right leg. Ms. Jackson diagnosed acute low back pain. Two days later, Mr. Sargent was treated by Chris Kennedy, D.O., who diagnosed low back strain and lumbar radiculopathy. He ordered an MRI which was performed on September 16, 2016, and showed a herniated L5-S1 disc.

1

Mr. Sargent sought treatment from Russell Biundo, M.D., and on October 12, 2016, Dr. Biundo diagnosed L5 radiculopathy. He recommended Neurontin and physical therapy. He stated that Mr. Sargent could return to work in six weeks. On November 16, 2016, it was noted that Neurontin had helped Mr. Sargent's symptoms. On December 19, 2016, Dr. Biundo diagnosed herniated disc and radiculopathy. Mr. Sargent was to continue his medication and physical therapy but could return to light duty work.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on January 4, 2017, in which he diagnosed lumbar sprain. He determined Mr. Sargent had reached maximum medical improvement and assessed 8% impairment. Dr. Mukkamala opined that there was a causal relationship between the compensable injury and Mr. Sargent's initial symptoms. However, his current, ongoing symptoms were the result of a preexisting degenerative condition. He stated that Mr. Sargent requires no further medical treatment other than a home exercise program.

A January 26, 2017, treatment note by Dr. Biundo indicates the diagnosis remained herniated L5-S1 disc with radiculopathy. He recommended a work hardening program and selective nerve root block. He stated that Mr. Sargent could only return to work if he could do light or modified duty. On March 1, 2017, the diagnosis remained the same. Mr. Sargent was to continue Neurontin, receive a nerve root block, and continue physical therapy with work conditioning. He was unable to return to work. On August 15, 2017, Dr. Biundo completed a diagnosis update requesting the addition of herniated lumbar disc to the claim. The claims administrator denied the request on November 27, 2017.

A request for medications and treatment was completed on January 23, 2018. It was noted that the MRI showed a herniated L5-S1 disc with encroachment at S1. Authorization for a neurosurgical consultation and possible repeat MRI was requested due to continued symptoms with no relief. Mr. Sargent testified in a February 27, 2018, deposition that he has suffered no injuries since his work related injury. He still has severe lower back pain and right leg numbness. He has been unable to return to work since the compensable injury occurred. Mr. Sargent testified that his condition has worsened since he stopped physical therapy. He stated that he was unaware of any prior lower back injuries.

The Office of Judges reversed the claims administrator's decision and held the claim compensable for L5-S1 herniated disc on May 29, 2018. It found that the claims administrator's decision was based on Dr. Mukkamala's evaluation. The Office of Judges found that when Mr. Sargent reported his symptoms on the date of his injury, he told hospital workers that he had lower back pain as well as pain, numbness, and tingling in his right leg. After an MRI showed a herniated L5-S1 disc, Dr. Biundo diagnosed L5-S1 herniated disc. When Dr. Mukkamala evaluated Mr. Sargent, he noted that the claim was only compensable for lower back sprain and that his chief complaint was lower back pain that radiated into the right leg. Dr. Mukkamala opined that there was a causal connection between Mr. Sargent's initial symptoms and the compensable injury but that his current symptoms were related to preexisting degenerative disease. The Office of Judges determined that it was unclear why Dr. Mukkamala diagnosed preexisting degenerative disease. The only diagnostic testing of record was the lumbar MRI which showed a herniated disc but no

preexisting degenerative conditions. Further, the symptoms Mr. Sargent reported to Dr. Mukkamala were the same that he reported on the day his compensable injury occurred, lower back pain that radiated into the right leg along with numbness and tingling. The Office of Judges found that Dr. Biundo diagnosed herniated L5-S1 disc, and while he did not specify his clinical findings for the diagnosis update, his medical records were submitted. They show that he diagnosed L5-S1 herniated disc, as did Dr. Kennedy, four days after the injury occurred. The Office of Judges concluded that a preponderance of the evidence shows that herniated L5-S1 disc should be added to the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 19, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1 (2018), employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Compensation Commissioner*, 153 W. Va. 796, 796, 172 S.E.2d 698, 699 (1970). Immediately following his injury, Mr. Sargent reported lower back pain that radiated into his right leg. A lumbar MRI taken shortly after the injury showed a herniated L5-S1 disc. It showed no indication of degenerative changes. Dr. Biundo treated Mr. Sargent for the injury and diagnosed herniated L5-S1 disc. Dr. Mukkamala's finding of preexisting degenerative changes is not supported by the weight of the evidentiary record. Mr. Sargent has shown that he sustained a herniated L5-S1 disc in the course of and resulting from his employment. The condition was therefore properly added to the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 15, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison